TOBIN, Secretary of Labor, v. CELERY CITY PRINTING CO.

No. 13766.

United States Court of Appeals
Fifth Circuit.

June 5, 1952.

Bessie Margolin, Asst. Solicitor, William S. Tyson, Solicitor, William A. Lowe and Joseph D. Mladinov, Attys., U. S. Department of Labor, Washington, D. C., for appellant.

Ernest F. Housholder, Sanford, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This action under Sec. 17 of the Fair Labor Standards Act of 1938, 29 U.S.C.A.

§ 217, was instituted by the Administrator of the Wage and Hour Division, Department of Labor, to enjoin appellee, Celery City Printing Company, from violating the minimum wage, overtime compensation, and illegal shipment provisions of said Act. From a decree denying said relief, this appeal was taken by the Secretary of Labor, substituted *pendente lite* for the original plaintiff.

Appellee operates a printing plant and office supply business in Sanford, Florida, with seven employees. Two of these were paid less than the statutory minimum of 75¢ per hour. All of them worked more than 40 hours per week without receiving the statutory overtime pay prescribed by Sec. 7 of the Act, 29 U.S.C.A. § 207.

Appellee manufactures and sells printed or processed shipping labels, shipping tags, bills of lading, sales tickets, invoice forms, payroll forms, manifests, letterheads, envelopes, and similar products, from which it derives about 80% of its business income. The remaining 20% is derived from over-the-counter sales of general office supplies.

Appellee sells the products of its printing plant to packers and shippers of vegetables and citrus fruits, and to other firms in and around Sanford, Florida, who transact business in interstate commerce. Appellee sells and delivers its printed products to its customers locally, but 58.8% of appellee's total production is used by appellee's customers in interstate commerce, either alone or in connection with other products, in the normal and ordinary course of the customers' businesses.

The trial court found that appellee's employees are not engaged in the production of goods for commerce within the meaning of the Act, and that appellee operates a retail establishment, exempt under Sec. 13(a) (2) and (4) of the Act, as amended, 29 U.S.C.A. § 213(a) (2) and (4).

In determining the coverage of the Act, a manufacturer can not assume an attitude of detached aloofness from his product, ignoring the ultimate purpose or use for which it is intended. If he knows, or reasonably should know, that in the normal and ordinary course of business his product will move in interstate commerce, or if he intends or expects that it will so move, either alone or in connection with some other product, he is a producer of goods for commerce within the meaning of the Act. Actual knowledge that his product will so move is not essential. Nor is it of any consequence that the manufacturer's activities in connection with the product terminate before it moves in interstate commerce. Enterprise Box Co. v. Fleming, 5 Cir., 125 F.2d 897; Lewis v. Florida Power & Light Co., 5 Cir., 154 F.2d 751; United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609; Schulte v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114. Compare Warren-Bradshaw Drilling Co. v. Hall, 5 Cir., 124 F.2d 42, affirmed 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83. Under the foregoing authorities, it is clear that appellee is engaged in the production of goods for commerce as defined in Sec. 3 of the Act, as amended October 26, 1949, 63 Stat. 910, 29 U.S.C.A. § 203.

Whether or not appellee is exempt as a retail or service establishment depends upon the facts. One of the prerequisites of such exemption is that the establishment "is recognized as retail sales or services in the particular industry." The evidence in the record now before us fails to establish at least that element of such exemption.

The judgment appealed from is reversed, and the cause remanded to the district court, with leave to further consider the question of appellee's exemption as a retail or service establishment, and for further proceedings consistent herewith.

Reversed and remanded.